603 A.2d 951

IN THE MATTER OF GEORGE W. DE PIETROPOLO,
AN ATTORNEY AT LAW.

March 31, 1992.

## ORDER

The Disciplinary Review Board have filed a report with the Supreme Court, recommending that GEORGE W. DE PIETRO-POLO of PENNSAUKEN, who was admitted to the bar of this State in 1984, and who was thereafter temporarily suspended from the practice of law on July 10, 1991, be suspended for two years for his violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.3

(lack of diligence), *RPC* 1.4(a) (failure to communicate with a client), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.5 (charging an unreasonable fee), *RPC* 1.16(d) (failure to return documents and unearned fees), *RPC* 8.1 and *R.* 1:20–3(f) (failure to cooperate with ethics authorities) and *RPC* 8.4(c) (misrepresentation to client);

And the Disciplinary Review Board further recommending that respondent meet certain conditions before he is reinstated to practice and that on reinstatement he practice under the supervision of a proctor;

And respondent having failed to appear and show cause before the Court on March 17, 1992, why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that the report and recommendation of the Disciplinary Review Board are hereby adopted and GEORGE W. DE PIETROPOLO is suspended for a period of two years, said suspension to run consecutively to the temporary suspension now in effect; and it is further

ORDERED that respondent shall not be reinstated to practice unless and until he (1) completes the core courses of the Skills and Methods Training Course; (2) takes and passes the Multistate Professional Responsibility Examination; and 3) demonstrates through psychiatric evidence that he is fit to practice law; and it is further

ORDERED that in the event respondent is reinstated to the practice of law, his reinstatement is further conditioned by the requirement that he practice under the supervision of a proctor for a period of two years, pursuant to Administrative Guideline No. 28; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent shall be restrained and enjoined from practicing law during the period of his suspension and that he shall continue to comply with Administrative Guideline 23 of the Office of Attorney Ethics, which governs suspended attorneys; and it is further

ORDERED that respondent shall reimburse the Ethics Financial Committee for appropriate administrative costs incurred in the prosecution of this matter.